## BALTIMORE & OHIO RAILROAD COMPANY *v.* WILSON.

ERROR TO THE APPELLATE COURT, FIRST DISTRICT, STATE OF ILLINOIS.

No. 375.  Argued December 5, 1916.—Decided December 18, 1916.

Under the Employers' Liability Act, c. 149, §§ 3, 4, 35 Stat. 65, the defenses of contributory negligence and assumption of risk are eliminated when the proximate cause of the injury is physical exhaustion attributable to a violation of the Hours of Service Act, c. 2939, § 2, 34 Stat. 1416.

So *held*, where a rest of more than the minimum period required by the latter act had intervened between the violation and the injury.

THE case is stated in the opinion.

*Mr. James B. Sheean,* with whom *Mr. William J. Calhoun, Mr. Will H. Lyford* and *Mr. George E. Hamilton* were on the briefs, for plaintiff in error:

Under the Hours of Service Act, there can be no recovery in this case unless at the time of the injury the fact of plaintiff's then being on duty was a violation of the act. The carrier is not an insurer of the safety of the employee after the expiration of 16 hours, nor is it responsible for any and all injuries which he may sustain while employed after 16 hours of continuous service. Even where the employee is injured while on duty in violation of the act, it is necessary to establish a proximate relationship between the injury and the violation of the law—it must be shown that the violation brought about or proximately contributed to the injury. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *McWhirter,* 229 U. S. 265. See also *Atchison, Topeka & Santa Fé Ry. Co.* v. *Swearingen,* 239 U. S. 339. Plaintiff did not resume duty until 14 hours

after the violation of the act. He had 4 hours' rest in excess of the minimum fixed by the statute, and the injury did not occur until 16 hours after the violation of the law. He therefore was not on duty in violation of the Hours of Service Act at the time of the injury; the violation was not the proximate cause of the injury; and the defenses of assumption of risk and contributory negligence were available to the carrier.

The Hours of Service Act is a legislative finding of the boundaries of the employer's liability for injuries caused by permitting employees to remain on duty an excessive number of hours. The rights and duties of carriers subject to the act must be found in the language of the act itself. *Erie R. R. Co.* v. *New York*, 233 U. S. 671. If the construction given to the act by the court below be permitted to stand and juries, in the exercise of their discretion, may extend the minimum off time designated by the statute to suit different situations so as to eliminate the defenses of assumed risk and contributory negligence, the manifest purpose of Congress as set forth in the statute is destroyed and a uniform application of the statute is rendered impossible.

*Mr. Morse Ives* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries, brought under the Hours of Service Act, March 4, 1907, c. 2939, § 2, 34 Stat. 1415, 1416, and the Employers' Liability Act, April 22, 1908, c. 149, 35 Stat. 65. There is a count alleging an improper construction of tracks, and there are others, which alone are of importance here, alleging that the plaintiff was kept on duty for more than sixteen hours and subsequently, (we may take it in fact to have been fourteen hours later,) put on duty again and injured be-

cause he was so exhausted as to be unable to protect himself in the work that he was attempting to perform. At the trial the judge instructed the jury that if they found that the defendant had been guilty of the breach of duty alleged and that the breach proximately contributed to the plaintiff's injury then they should not consider negligence, if any, on the part of the plaintiff, in determining the amount of the plaintiff's damages, if any. In other words, under § 3 of the Employers' Liability Act he allowed a violation of a statute enacted for the safety of employees to be found to exclude contributory negligence, although at the time of the accident the violation was fourteen hours old.

It is not important to give the particulars of the accident. The plaintiff was a freight conductor, and was intending to cut a car with a hot box out of a train. He stood on the running board at the rear of an engine on a side track until it drifted abreast of the car standing on the main track, when he stepped off and was very badly hurt.

The first step in the Railroad's real defence was that the plaintiff was not kept on duty more than sixteen hours, a proposition that there was substantial evidence to maintain. But that having been overthrown by the verdict, it contends that the injury must happen during the violation of law or at least that the Hours of Service Law fixes the limit of possible connection between the overwork and the injury at ten hours by the provision that an employee after being continuously on duty for sixteen hours shall have at least ten consecutive hours off. It also objects that the plaintiff if feeling incompetent to work should have notified the defendant. But no reason can be given for limiting liability to injuries happening while the violation of law is going on, and as to the ten hours the statute fixes only a minimum and a minimum for rest after work no longer than allowed. It has nothing to do with the

question of the varying rest needed after work extended beyond the lawful time. In this case there was evidence that whether technically on duty or not the plaintiff had been greatly overtaxed before the final strain of more than sixteen hours and that as a physical fact it was far from impossible that the fatigue should have been a cause proximately contributing to all that happened. If so, then by the Employers' Liability Act, §§ 3 and 4, questions of negligence and assumption of risk disappear.

*Judgment affirmed.*